# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SHANNON BROPHY, et al., )<br>   )<br>          Plaintiffs, )<br>   )<br>     v.     )<br>   )<br>DAY & ZIMMERMANN HAWTHORNE )<br>CORPORATION, et al., )<br>   )<br>          Defendants. )<br>_____ ) | 3:10-cv-35-RCJ-WGC<br><br>**ORDER** |

This case involves claims of employment discrimination based on race and gender, pregnancy discrimination, and retaliation. Before this Court is the defendants' motion to sever or, in the alternative, for separate trials (#50). For the following reasons, the Court denies the motion to sever and for separate trials.

## BACKGROUND

Plaintiffs Shannon Brophy, Khrstina Armstead, and Michael Lightfoot worked as firefighters for Defendant Day & Zimmermann Hawthorne Corporation and/or Defendant SOC Nevada Limited Liability Corporation[1] (collectively "DZHC"). (Am. Compl. (#21) at 1-2). Brophy and Armstead are Caucasian women, and Lightfoot is a Caucasian man. Armstead has bi-racial children. Plaintiffs claim that they were subjected to a pervasively race- and gender-based hostile work environment while employed by DZHC, in violation of Title VII of

---

[1] Defendant SOC Nevada Limited Liability Corporation is the successor in interest of Defendant Day & Zimmerman Hawthorne Corporation and was a joint or co-employer of the Plaintiffs. (Am. Compl. (#21) at 2).

the Civil Rights Act of 1964, 42 U.S.C. § 1981.  (*Id.* at 2).  Plaintiffs brought this complaint on January 19, 2010, alleging: (1) gender discrimination, (2) racial discrimination, (3) pregnancy discrimination, (4) retaliation, and (5) negligent supervision and training.  (Compl. (#1); Am. Compl. (#21)).

DZHC later filed motions for summary judgment.  (Mot. for Summ. J. (##26, 27, 28)). The Court granted summary judgment as to Lightfoot in its entirety and consequently he is no longer a party to this action.  (Order (#47) at 21).  With regard to Brophy and Armstead, the Court granted summary judgment in part and denied it in part.  (*Id.*).  Brophy was left with a claim for gender-based hostile work environment and a claim for pregnancy discrimination. (*Id.*).  Armstead was left with a claim for race-based hostile work environment, a claim for pregnancy discrimination, and a claim for retaliation.  (*Id.*).

On August 1, 2011, DZHC filed a motion to sever the claims of Brophy and Armstead, or in the alternative, for an order for separate trials of the two remaining Plaintiffs.  (Mot. to Sever (#50) at 1).  DZHC argues that because Brophy is pursuing a gender-based work environment discrimination claim while Armstead is pursuing a race-based work environment discrimination claim, there is a high risk that the jury may use evidence of one form of discrimination as evidence of the other, unduly prejudicing DZHC.  (*Id.* at 7).  Additionally, DZHC contends that the pregnancy discrimination and the hostile work environment claims involve different facts, arose at different times, and involve different witnesses, and therefore severance is warranted.  (*Id.* at 6).

**LEGAL STANDARD**

The district court has broad discretion in deciding whether to sever claims through Rule 21 or grant separate trials under Rule 42(b).[2]  *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d

---

[2] The difference between severance under Rule 21 and separation under Rule 42(b) is that severance results in separate and independent actions with separate final judgments, whereas separation does not.  *See* 4 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 21.06[1] (3d ed. 2011).

2

1080, 1088 (9th Cir. 2002) (noting the court has broad discretion to bifurcate a trial under Rule 42(b)); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000), *cert. denied*, 533 U.S. 950 (stating the court has broad discretion to order a severance). Rule 21 states a court may "sever any claim against a party." FED R. CIV. P. 21. Rule 42(b) authorizes the court to order the separate trial of any claim when separation is in the interests of judicial economy, will further the parties' convenience, or will prevent undue prejudice. FED R. CIV. P. 42(b). Ordering separate trials is also appropriate when it simplifies the issues for the jury and avoids the danger of unnecessary jury confusion. *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982). The party seeking separate trials bears the burden of proving that separation of the claims is necessary. *See Roger-Vasselin v. Marriott Int'l, Inc.*, 2006 WL 1506926, at *1 (N.D. Cal. 2006).

## DISCUSSION

The Court finds there is no reason to sever Plaintiffs' claims. The Ninth Circuit has noted that to join two claims in one action, "plaintiffs must meet two specific requirements: (1) the right to relief asserted by each plaintiff must arise out of or relate to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all parties must arise in the action." *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). Plaintiffs have here satisfied both of these requirements.

First, the claims all arise out of the same series of transactions or occurrences. Both Title VII claims arise from Plaintiffs' employment with DZHC at the same time and at the same location. It was the same individuals who engaged in the alleged unlawful conduct under both claims. Both women were dealing with the same complaint process and the same chain of command in reporting the discrimination. Both women also have claims of pregnancy discrimination. Accordingly, Plaintiffs' right to relief arises out of the same series of transactions or occurrences and the first requirement is satisfied.

Second, there are questions of law or fact that are common to all parties in this action. Both Plaintiffs must establish the same prima facie case for their Title VII claims. Both Plaintiffs also have pregnancy discrimination claims arising from their employment at the same

location at the same time and involving the same individuals. Both Plaintiffs dealt with the same complaint procedure in reporting their claims to human resources. Finally, DZHC's defenses that it has an effective anti-discrimination policy and took prompt remedial measures applies to the claims of both Plaintiffs. The second requirement is thus satisfied and these claims are properly joined in this matter. The Court accordingly denies DZHC's motion to sever.

The Court further denies DZHC's motion for separate trials. Separate trials would not be in the interest of judicial economy as both claims will involve the same witnesses and parties and involve similar issues, such as the complaint process, remedial measures taken by DZHC, and DZHC's anti-discrimination policies. The risk of undue prejudice to DZHC is also slight as the jury will be instructed that evidence of one type of discrimination may not be used as evidence of another type of discrimination. Furthermore, DZHC does not argue that the pregnancy discrimination claims should be tried separately from the race and gender claims, and if the jury can distinguish pregnancy discrimination from other forms of discrimination, they can certainly distinguish race from gender discrimination. Because the types of discrimination alleged in this matter are distinct from one another, it is unlikely that DZHC will be unduly prejudiced by holding the trials together or that the jury will confuse the issues.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that DZHC's motion to sever and for separate trials (#50) is denied.

DATED: This 14th day of March, 2012.

_____
United States District Judge